(Decided Feby. 12th, 1864.)

---

JAMES E. P. BOULDIN AND JAMES E. P. BOULDIN AND MARY V. BOULDIN HIS WIFE, *vs.* THE BANK OF COMMERCE.

MOTION TO DISMISS: PARTIES TO APPEALS.—The Bank of C. recovered a judgment against R. F., and both prior and subsequent to the date of said judgment, R. F. confessed other judgments in favor of other parties, and made conveyances of various portions of his estate to sundry persons subsequent to the date of said judgment. The Bank of C. filed a creditor's bill against the judgment debtor and the parties to whom he had confessed judgments, and the grantees to whom he had made conveyances, seeking to have the assets properly marshalled; and a decree was afterwards passed for the sale of the property, including certain property conveyed to J. E. P. B. Subsequent to the passage of the decree, the wife of J. E. P. B. also became a party to the proceedings, after which two appeals were taken from said decree, one by J. E. P. B., and the other by the said J. E. P. B. and his wife. On motion to dismiss these appeals on the

Bouldin, et al., *vs.* Bank of Commerce.

ground that R. F., the grantor, was not joined in the appeals, and that the wife of J. E. P. B. was not a proper party appellant. HELD:

1st. That R. F. had no interest in the subject matter of the controversy, and was not a necessary party to the appeals.

2nd. That the wife of J. E. P. B. had a right to entertain the appeal taken by herself and her husband.

MOTIONS to dismiss appeals from the Superior Court of Baltimore City, in equity :

This case was instituted in the Circuit Court for Baltimore City, and afterwards removed to the Superior Court of that City. The bill was a creditor's bill, filed by the Bank of Commerce against Richard France and others, alleging that on the 8th of April 1861, it recovered a judgment against said France, and that prior to the date of said judgment, said France had confessed other judgments in favor of sundry persons, and that after the date of said judgment he confessed other judgments, and made various deeds of conveyance of his property, one of which deeds was made to James E. P. Bouldin in fee. The bill prayed for a marshalling of the assets, so as to prevent a sacrifice of the property, and secure its application according to their rights and the priorities of all parties interested. A decree was passed accordingly, after which the wife of J. E. P. Bouldin became a party to the proceedings. The case was afterwards removed to the Superior Court of Baltimore, and while the cause was there pending, appeals from the decree were taken, one by James E. P. Bouldon, and another by said Bouldin and his wife.

The appellee moved this court to dismiss both appeals, the former on the ground that Richard France was a necessary party to the appeal, and the latter on the same ground, and upon the additional ground, that Bouldin's wife was no party to the decree, and had no right to appeal from it.

The motions were argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*James Malcolm,* for the motions:

This appeal was taken on the 30th June 1863, the last day of the nine months from the date of the decree appealed from, which was signed the 1st October 1862. The appeal bonds were filed the 13th November 1863.

Mrs. Bouldin has no standing in Court. No person can have a writ of error unless a party to the record. *Jacques vs. Cesar,* 2 *Saund.,* 101, (f.) Under the rule established in *Lovejoy vs. Ireland,* 17 *Md. Rep.,* 525, the appellant, J. E. P. Bouldin, is also out of court, and his appeal must be dismissed. 2 *Saund.,* 101, (g,) is to the same effect. A writ of error must be brought in the names of all the parties to the decree, and *after summons and severance.*

*Lewis Mayer,* against the motions, argued, that the appellants were properly before this court, and cited: 3 *Dan. Ch. Pr.,* 9. *Johnson vs. Johnson,* 1 *Dana.,* 366. *Thompson vs. McKim,* 6 *H. & J.,* 302. *Strike vs. McDonald,* 2 *H. & J.,* 190. *Pratt, Adm'r of Kent, vs. Johnson's Adm'r,* 6 *Md. Rep.,* 397. *Lanahan, et al., vs. Latrobe,* 7 *Md. Rep.,* 268. *Eyler & Matthews vs. Hoover, Excr.,* 8 *Md. Rep.,* 1.

*Summons and severance* in England, seems to have been confined to cases of writs of error. Where a case is carried up on writ of error, the error is assigned below. And it must be remembered that in England appearance is by letter of attorney. 3 *Reeves' Hist. of England,* treating of *summons and severance. Sellon's Pr.,* and *Evans' Pr.,* title "Summons and Severance."

If the doctrine of *summons and severance* is applicable in Maryland, and in equity cases, there can be no doubt that we are entitled to resort now to that process in this court.

*George H. Williams,* on the same side, referred to the practice in cases of appeal in England to the House of Lords, and argued that any person injured by a decree may there appeal, and cited 3 *Dan. Ch. Pr.,* 129, also 99, 100, 123 and 124.

*Summons and severance* cannot be had in the court below, it is only to be had in the appellate court, and we now ask for it here. *Rolle's Abr.*, 488, (E). *Lovejoy vs. Irelan*, 17 *Md. Rep.*, 525, as relied on by the other side, would reverse the every day Chancery practice of Maryland. In the case of *Calvert vs. Carter*, 6 *Md. Rep.*, 135, only two out of a number of parties appealed.

The cases of *Watson vs. Bayne*, 7 *Md. Rep.*, 124, and *Lanahan vs. Latrobe, Id.*, 267, are utterly inconsistent with the construction sought to be put on the decision in *Lovejoy vs. Irelan;* to adopt such construction would be to reverse the case of *Easter vs. Traverse*, 17 Md. Rep., 525, (note,) decided about the same time. We contend for a practice resulting from a joint consideration and construction of these Maryland cases.

He also cited *Lees vs. Nuttal*, 2 *Mylne & Keene*, 819. *Tasker vs. Small*, 1 *Coop. Ch. Rep.*, 255.

*Thos. S. Alexander*, for the motions, in reply :

*Alex. Ch. Pr.*, cited on the other side, is not to be looked to as authority where it is not sustained by this court. It must be controlled by the decision in *Lovejoy vs. Irelan*, which, from the circumstances attending its consideration in this court, is a case of unusual authority. The three cases cited from 2 *Mylne & Keene*, 819, 1 *Coop. Ch. Rep.*, 255, and 1 *Dana*, 366, are directly in the teeth of *Lovejoy vs. Irelan*, and therefore cannot be relied on in this case. The case of *Easter vs. Traverse*, if construed to suit the other side, would be inconsistent with *Lovejoy vs. Irelan*, but on a true construction cannot be so considered. Costs could have been recovered against all the joint plaintiffs in *Easter vs. Traverse*.

The idea upon which the rule in *Lovejoy vs. Irelan* proceeds, is, that where there are a number of parties, there shall not be as many appeals and as many reviews of the same judgment or decree.

Any one of several defendants has a right to sue out a *writ of error* in the names of all the defendants, and to ask to have a *summons and severance* if the other defendants are in default after due service of the summons.

COCHRAN, J., delivered the opinion of this Court:

We are satisfied by an examination of this record, that the motions to dismiss these appeals must be overruled. The case of *Lovejoy & Irelan,* 17 *Md. Rep.,* 525, referred to as an authority in support of these motions, is distinguishable from the present case in a very important and controlling particular. It is not our purpose to review the doctrine there enunciated, nor do we intend to express any opinion as to its general propriety or consistency with the established course of Chancery proceedings; for a simple exposition of the facts upon which the case turned, will sufficiently answer the argument for applying the rule there adopted to the case before us.

The appeal, there, was taken by *Lovejoy* from a decree vacating an alleged fraudulent deed executed to him by Heath, his co-defendant, and in considering the motion made by the complainant to dismiss the appeal, because of the non-joinder of the defendants, the court, assuming that the grantor was a necessary party on account of the fraud charged, and that the title was in him for the benefit of the creditors, held, that the decree should be treated as joint against both defendants, not only as to the costs, but also as to the relief granted. The case presented by this record is predicated upon an entirely different state of fact. It is a creditor's bill, seeking, without any averment of fraud, to subject the property of the debtor to sale for the payment of his debts, and so far as these appellants are concerned, there is not the slighest pretence of any fact or state of facts, upon which they can be divested of the property acquired and claimed by them, except that of alleged pre-existing liens of certain judgment creditors. The whole case between these appellants and the other parties com-

plainant and defendant, looks to and turns upon the question of priority of the rights asserted, and in theory it neither seeks nor contemplates an adjudication that would revest their title in the grantor for the general benefit of his creditors. The relation of the several parties to these proceedings, as well as the relief sought by the bill, involves a concession of the fact, that the title and interest of the grantor in the property in dispute was conveyed to the appellants, so far as it was possible to do so by a formal deed; and in accordance with that view, the title is not assailed because of any present estate in the grantor, but on the ground of an alleged liability of the property under the liens of the pre-existing judgments. Under these circumstances, it is difficult, if not impossible, to perceive how the grantor as one of the defendants in the case, could have any common or joint interest with these appellants in the subject matter of these appeals. Assuming even that, by the adjudication of the rights now in controversy, he would become liable to them upon a covenant in his deed, that liability would clothe him with no interest in this property; and any right or interest that could originate in or accrue from such a liability, however potential in its nature, would seem to be subordinate to, and not joint with those asserted here by these appellants. The intent and effect of his deed to them, was to vest them with a several interest in this property; and as against him they will continue to hold such a right, so long as the deed remains unimpeached and unavoided. The appellants appear, in every sense, to stand upon an alleged several right in this property as antagonists of all the other parties in the case, and the decree from which these appeals were taken, although going so far as to direct a sale of the property claimed by them, yet recognises their rights by reserving them for further consideration, and directing the proceeds of sale to be retained. The objection that Mrs. Boulden, one of the appellants, was not a party to the case when the decree was passed, we think does not affect the present question. Even upon

Mayor & C. C. of Balto. *vs.* Balto. & Ohio R. R. Co.

the theory of the appellees, the terms of the decree were not such as to conclude her of the right to become a party; and as she became so by a subsequent proceeding upon an averment of a claim or interest in the property affected by the decree, which was reserved for further consideration, we think she was properly joined with her husband as a party, and with him entitled to a review of the case by appeal.

*Motions to dismiss overruled.*

(Decided Feb'y 24th, 1864.)